UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LARRY PAYNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.:  3:24-CV-395-KAC-JEM |
| | ) |
| MARCUS PETERS and | ) |
| MARTY KAYLER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This pro se action is proceeding on (1) an excessive force claim against Defendant Sergeant Peters and (2) a retaliation claim against Defendant Correctional Officer Kayler [*See* Doc. 8 at 8-9].  Now before the Court are Plaintiff's "Motion for Reconsideration" of this Court's March 19, 2025, Memorandum and Order [Doc. 11] and his April 2 "Motion for Leave to File an Amended Complaint" [Doc. 12].  For the reasons below, the Court **DENIES** both motions [Docs. 11, 12].

**I.      MOTION FOR LEAVE TO AMEND**

Because granting Plaintiff's Motion to Amend would render his Motion for Reconsideration moot, the Court first considers Plaintiff's Motion to Amend [Doc. 12].  Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings.  *See* Fed. R. Civ. P. 15(a).  Rule 15(a) provides, in pertinent part:

> 1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:
>
>> (A) 21 days after serving it, or
>>
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)-(2). Plaintiff submitted a proposed Amended Complaint with his Motion to Amend [*See* Doc 12-1]. But he submitted it more than twenty-one (21) days after his operative pleading [Doc. 1]. And Defendants have not served a responsive pleading. Further, there is nothing in the record to suggest that Defendants have consented to amendment. *See* Fed. R. Civ. P. 15(a)(2). Therefore, the Court considers whether "justice so requires" leave to amend. *Id*.

In performing this inquiry, courts are to consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court should deny leave to amend if the proposed amendment would be futile. *See Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). A proposed amendment is futile if it would not survive a motion to dismiss. *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993).

Plaintiff's proffered Amended Complaint matches his initial Complaint at it relates to the facts, claims, and parties [*Compare* Doc. 1 *with* Doc. 12-1]. The only relevant differences in the two documents are that the Amended Complaint (1) renumbers the final three paragraphs in the fact section to correct a numbering error in the initial Complaint, [*compare* Doc. 1 at 9 *with* Doc. 12-1 at 9]; (2) deletes Plaintiff's request for the Court to overturn his disciplinary conviction and transfer him to Lois DeBerry Special Needs as a form of relief, [*compare* Doc. 1 at 12 *with* Doc. 12-1 at 12]; and (3) deletes Plaintiff's request for punitive damages against William Watson and Brandon Hogan, [*compare* Doc. 1 at 12 *with* Doc. 12-1 at 12].

But in the Court has already appropriately determined that Plaintiff failed to state a claim against William Watson and Brandon Hogan, and Plaintiff failed to state a claim regarding his disciplinary proceedings and/or conviction [*See* Doc. 8 at 8, 10-11]. Therefore, it is unnecessary to amend the initial Complaint to omit facts or requests related to these matters—they are not before the Court any longer. And the Amended Complaint fails to state a constitutional claim regarding Plaintiff's previously-dismissed claims for the reasons already discussed extensively in the Court's initial screening Order [*See* Doc. 8]. Because these claims would not withstand a motion to dismiss, it is futile to allow Plaintiff to amend to reintroduce them. *See Griffith v. Whitesell*, No. 3:08-0385, 2008 WL 3852415, *5 (M.D. Tenn. Aug. 14, 2008) ("The Court is not required to allow amendments that assert obviously frivolous claims or claims that could not withstand a motion to dismiss." (citing *Neighborhood Dev. Corp. v. Advisory Council, Etc.*, 632 F.2d 21, 23 (6th Cir. 1980))). Therefore, the Court **DENIES** Plaintiff's April 2 "Motion for Leave to File an Amended Complaint" [Doc. 12].

## II. MOTION FOR RECONSIDERATION

Plaintiff also asks the Court to reconsider its determination that Plaintiff's initial Complaint failed to state a failure-to-intervene claim against CO Kayler [Doc. 11]. In its Order screening Plaintiff's Complaint, the Court recited the facts giving rise to this claim as follows:

> On May 8, 2024, Plaintiff was working his assigned kitchen job at BCCX [Doc. 1 at 5]. Correctional Officer ("CO") Marty Kayler, "the officer assigned to the kitchen," incorrectly believed Plaintiff "solicitated" [sic] a female Aramark employee by telling her, "I go up for parole in 5 months" [*Id.*]. CO Kayler called Sergeant Marcus Peters to the kitchen [*Id.*]. Sgt. Peters handcuffed Plaintiff, placed him out of sight of the security cameras, and asked Plaintiff if he told a female staff member when he was to be released from prison [*Id.*] When Plaintiff responded, Sgt. Peters placed his taser to Plaintiff's throat and threatened to kill Plaintiff and his family if he heard about Plaintiff speaking to the female employees again [*Id.*]. CO Kayler did not intervene, nor did Corporal Brandon Hogan or CO William Watson, who were also in the kitchen [*Id.* at 6].

3

> Both Sgt. Peters and CO Kayler told Plaintiff that "they will make sure [he] will not make parole or see [his] parole date" [*Id.* at 5]. Sgt. Peters told CO Kayler to look up contact information for Plaintiff's family members, and CO Kayler taunted Plaintiff saying, "Look at this scared little bitch, he's a pussy, I have friends that love to shoot and kill boys like you for fun" [*Id.* at 5-6]. CO Kayler also told Plaintiff that he would "make [Plaintiff] pay" if he filed a grievance or report with Internal Affairs [*Id.* at 6].

[Doc. 8 at 3]. Plaintiff argues that these allegations are sufficient to demonstrate that CO Kayler both "observed" the force used against Plaintiff and "had reason to know" Sergeant Peters would use force against Plaintiff [Doc. 11 at 1-2]. He argues that this is so because Plaintiff alleged that CO Kayler stated: "I have 'friends' that love to shoot and kill boys like you for fun" and "If you write a grievance or report 'anything' to I.A. (Internal Affairs)[,] I will make you pay" [Doc. 11 at 1-2]. Plaintiff states that CO Kayler "'had both the opportunity and the means' to stop it when Sgt. Peters told C/O Kayler to look up the Plaintiff's emergency contacts information of family members" [*Id.* (citing Doc. 8 at 8)].

While the Federal Rules of Civil Procedure do not expressly contemplate a motion for reconsideration, district courts have authority under Rule 54(b) to "reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *See Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Rule 54(b) states in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez,* 89 F. App'x at 959 (citation omitted). A Rule 54(b) motion is not a valid method "to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Equal Emp.*

4

*Opportunity Comm'n v. HP Pelzer Auto. Sys., Inc.*, No. 1:17-CV-31-TAV-CHS, 2018 WL 6574772, at *2 (E.D. Tenn. Dec. 13, 2018) (internal quotation marks and citation omitted).

Here, Plaintiff's motion fails. Plaintiff does not argue an intervening change of controlling law or the availability of new evidence. Thus, the only potentially viable basis for reconsideration is to correct a "clear error or prevent manifest injustice." Neither is present here. As alleged, CO Kayler's taunts and name-calling do not give rise to a colorable constitutional claim. *See, e.g., Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (finding neither "verbal abuse" nor "harassment" give rise to a constitutional claim); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) ("Verbal threats and name-calling usually are not actionable under § 1983"). And, as the Court stated in its previous Order, to hold CO Kayler responsible for failing to intervene in Sergeant Peters's conduct, Plaintiff must plead facts to demonstrate that CO Kayler "'observed' the force 'or had reason to know' a colleague would use it" and "'had both the opportunity and the means' to stop it" [Doc. 8 at 8 (citing *Chaney-Snell v. Young*, 98 F.4th 699, 722 (6th Cir. 2024)]. Plaintiff's Complaint does not allege that CO Kayler actually observed Sergeant Peters's relevant conduct [*See* Doc. 1]. Nor does it allege facts permitting the inference that the event was sufficiently prolonged to allow CO Kayler the opportunity and means to intervene [*See id.*]. Thus, Plaintiff has not pled sufficient facts to render this claim plausible. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, no "clear error" or "manifest injustice" exists. *See Rodriguez,* 89 F. App'x at 959. And the Court **DENIES** Plaintiff's "Motion for Reconsideration" [Doc. 11].

**SO ORDERED.**

**ENTER:**

                                            /s/ Katherine A. Crytzer
                                            KATHERINE A. CRYTZER
                                            United States District Judge